IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON WILLIAM KING,                    CASE NO. 2:09-cv-984
                                       CRIM. NO. 2:06-cr-165
      Petitioner,                     JUDGE MARBLEY
                                       MAGISTRATE JUDGE KEMP
v.

UNITED STATES OF AMERICA,

      Respondent.

## OPINION AND ORDER

On September 22, 2010, the Magistrate Judge issued a Report and Recommendation recommending that petitioner King's motion to vacate, set aside or correct his sentence, which he filed pursuant to 28 U.S.C. §2255, be denied.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation on October 12, 2010, which address the recommended denial of each of his claims for relief.  As required by 28 U.S.C. 636(b)(1), the Court will make an independent review of the question of whether any of petitioner's claims warrant relief.  For the reasons that follow, petitioner's objections will be OVERRULED.  The Report and Recommendation will be ADOPTED and AFFIRMED and this action will be  DISMISSED.

All of petitioner's claims involved the alleged ineffective assistance of either trial or appellate counsel.   Through his objections, petitioner challenges the Magistrate Judge's recommendation of dismissal of all six claims on the merits.  Petitioner  has submitted an affidavit in support of his objections.  The Court will consider each objection in turn.

I.  Factual Background

The Report and Recommendation recites the pertinent facts of this case as they appear in the Court of Appeals' decision affirming petitioner's conviction.  *See United States v. King*, 288 Fed.Appx. 253 (6th Cir. August 4, 2008).  Petitioner does not argue that any of these facts are stated inaccurately, so the Court adopts them as correctly setting forth the factual backdrop for petitioner's ineffective assistance of counsel claims.

II.  Claim One - Juror Bias

Petitioner's first claim is that his trial attorney, Diane Menashe, was ineffective because she did not strike an allegedly biased juror, and that his appellate counsel was ineffective for failing to raise the issue on direct appeal.  The standard for such an ineffective assistance of counsel claim requires petitioner to show the juror's actual bias. The Magistrate Judge concluded that, as a factual matter, that showing was not made. *See Miller v. Webb*, 385 F.3d 666, 674 (6th Cir. 2004).

The juror's testimony, including her statement that she could be fair, is quoted in the Report and Recommendation.  Considering this testimony, in light of the applicable legal standard, the juror's statements did not indicate any inability to act with impartiality.  The juror stated unequivocally, upon questioning by the Court, that even though it would be difficult in light of her husband's prior addiction to drugs, she was able to be fair and honest.  Given this testimony, the Court would not have granted a challenge for cause even if Ms. Menashe had made one.  Consequently, petitioner was

2

not prejudiced by her failure to make that challenge, and appellate counsel was not ineffective for failing to raise this claim on direct appeal.  Petitioner did not specifically object to the finding that Ms. Menashe also had a valid reason for not using a peremptory challenge to remove this juror, so that issue need not be addressed further.

III.  <u>Claims Two and Three - Witnesses Raylene Riley, Valda King, Amy Turner, and others</u>

The second and third objections raised by petitioner are directed to the Magistrate Judge's finding that trial counsel was not ineffective for failing to call various alibi witnesses including Raylene Riley, petitioner's mother, and petitioner's sister.  Additionally, in his third objection, petitioner asserts that the Magistrate Judge erred in concluding that trial counsel's failure to contact the owner of the car involved in Count Two and to call that person as an alibi witness did not constitute ineffectiveness.  Petitioner, citing to *Strickland v. Washington,* 466 U.S. 668 (1984), focuses on the second prong of the *Strickland* test, arguing that, had his trial counsel investigated or called these alibi witnesses, there is a reasonable probability that the outcome of the trial would have been different.  While the failure to investigate or call a particular witness may constitute ineffective assistance, in order for a petitioner to demonstrate prejudice, he must show that the witness had favorable testimony to offer. *See, e.g. Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004); *Stewart v. Wolfenbarger*, 468 F.3d 338, 356-57 (6th Cir. 2006) ; *Towns v. Smith*, 395 F.3d 251, 258-59 (6th Cir. 2005).

The Court has reviewed the affidavits submitted by Ms. Riley, petitioner's

mother and petitioner's sister.  Having presided over the trial, the Court is also well aware of the other evidence submitted in this case.  The Court agrees with the Magistrate Judge's conclusion that the proposed testimony of these witnesses, even if it had been presented, would have been unlikely to affect the outcome of the case.

Ms. Riley's proposed testimony was that she specifically remembered riding with Mr. King in his car the day that he allegedly sold drugs to a confidential source and that no such transaction took place while she was with him.  She also recalled him loaning his car briefly to someone else, suggesting that this other person may have been the one selling drugs to the informant.  However, the informant and two police officers testified that the informant had completed the drug transaction with Mr. King charged in Count One.  According to this testimony, the informant bought drugs from petitioner, petitioner was observed driving the car in which the informant testified he and petitioner had completed the drug transaction, and the car was registered to petitioner.  Tr. 33, 172, 72-73.  As to Count Two, which charged a drug transaction on July 19, 2005, the affidavits of Valda King and Amy Turner state only that they knew of Mr. King's whereabouts for some of the time on July 19, 2005.  However, Detective Whitacre testified that he saw petitioner in the car in which the drug transaction with the informant took place and that he had no question about petitioner's identity.  Tr. 163, 164, and 166.  Even if there had been evidence to contradict some of this testimony, given the strong evidence of petitioner's guilt and the obvious bias of these witnesses, the Court concludes that the outcome of the trial would not likely have been different if

4

counsel had called them to testify. Therefore, petitioner has failed to establish the ineffective assistance of counsel under *Strickland* based on his attorney's failure to investigate or call these alibi witnesses.

Likewise, petitioner has failed to demonstrate counsel's ineffectiveness with respect to the failure to investigate the owner of the car involved in Count Two. Trial counsel stated by affidavit that the decision not to interview the owner of the car was part of a trial strategy to demonstrate that the government had failed to meet its burden of proof. Specifically, she pointed out in closing argument that the United States never ran the license plate of the car and did not call the owner to testify, and that these failures went directly to the question of whether proof beyond a reasonable doubt had been produced. Under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689. Petitioner has failed to make that showing here. Moreover, in light of the government's evidence as discussed above, the Court is not persuaded that petitioner was prejudiced by counsel's failure to identify and call as a witness the owner of the car. Consequently, the Court agrees that petitioner's second and third claims lack merit.

IV. <u>Claim Four - Failure to Call Petitioner to Testify</u>

Petitioner's fourth objection is addressed to the Magistrate Judge's finding that trial counsel was not ineffective for failing to allow him to testify on his own behalf.

5

Although Ms. Menashe's affidavit states that petitioner made the decision not to testify, petitioner claims in his affidavit that she ignored his repeated requests to testify in his own defense. The Magistrate Judge rejected this claim, holding that although a criminal defendant has a constitutional right to testify on his own behalf, should a disagreement on the issue exist with defense counsel, the defendant must make the trial court aware of that desire. *See United States v. Webber*, 208 F.3d 545 (6th Cir. 2000).

Petitioner does not argue that he told the Court he wanted to testify, but asserts that his attorney was ineffective for not advising the Court about their conflicting views on this issue. *Webber* clearly stands for the proposition that the right to testify is waived if a defendant decides to testify after being advised by counsel that he will not be called as a witness, but fails to insist on his right, fails to tell the Court about the issue, or fails to discharge counsel. Here, petitioner did none of these things. He cannot side-step the ruling in *Webber* by recharacterizing this claim as one of ineffective assistance of counsel. Counsel's duty here was to give petitioner her best advice about whether he should testify. She had no duty to bring any subsequent disagreement to the Court's attention. *See Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000) (holding that, absent the defendant's objection on the record to counsel's failure to call him as a witness, both waiver of the right to testify and the effectiveness of counsel are assumed). Thus, this claim has no merit.

V. <u>Claims Four and Five - The Powder Cocaine/Crack Cocaine Discrepancy</u>

In his fifth objection, petitioner asserts that the Magistrate Judge was incorrect in

6

concluding that appellate counsel was not ineffective for failing to raise on direct appeal the issue of the disparity, for sentencing purposes, between powder and crack cocaine. Petitioner contends that, had this issue been raised on direct appeal, "there is a reasonable probability" that the Sixth Circuit may have vacated his sentence in light of the holding in *Kimbrough v. United States*, 552 U.S. 85 (2007). Based on his interpretation of *Kimbrough*, petitioner claims that he has met the prejudice standard of *Strickland*. The Court does not agree.

In *Kimbrough*, the Supreme Court held that the disparity between crack and powder cocaine in the sentencing guidelines was advisory and that a sentencing judge "may consider the disparity between the treatment of crack and powder cocaine offenses." *Id.* Consequently, to the extent that the Court of Appeals would have found it appropriate to vacate petitioner's sentence strictly in light of *Kimbrough*, it would have been for purposes of remanding the case for resentencing. *See, e.g. United States v. Marbley*, 286 Fed.Appx. 930 (6th Cir. 2008). Here, following the filing of his appeal, petitioner requested and received a 24-month reduction in his sentence based on the retroactive application of Guideline Amendment 706, which allowed the Court to take the crack cocaine/powder cocaine discrepancy into account for sentencing purposes. This negates any claim that counsel's failure to raise the argument on direct appeal was prejudicial, and, other than arguing again that the Court of Appeals might have vacated his sentence under *Kimbrough*, petitioner does not explain in his objections why the result of any resentencing under those circumstances would have been different.

7

Consequently, the Court agrees with the Magistrate Judge's finding that petitioner has not demonstrated appellate counsel's ineffectiveness for failing to raise the disparity issue on direct appeal.

## VI.  Claim Six -Trial Strategy

Finally, petitioner objects to the Magistrate Judge's finding that trial counsel was not ineffective for allegedly failing to advise petitioner of her trial strategy.  However, the evidence submitted by trial counsel strongly refutes petitioner's claim.  A review of trial counsel's affidavit with attached exhibit establishes that trial counsel spent 24.4 hours with petitioner and discussed trial strategy with him prior to going to trial. Petitioner does not directly refute Ms. Menashe's sworn statement that she handed him a letter on December 10, 2006, explaining her strategy.  Additionally, the Court finds, as noted by the Magistrate Judge, that petitioner has not explained how the outcome of his case might have been different had he been more explicitly advised what that strategy would be.  Moreover, to the extent that petitioner is claiming that communication issues with his trial counsel led him to request new counsel prior to trial, that issue was addressed by the Court prior to trial and petitioner did not pursue it.  Consequently, the Court agrees that this claim fails under both prongs of the *Strickland* test.

## VII.  Disposition

Pursuant to 28 U.S.C. §636(b), this Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation.  After careful review of the entire record, this Court is unpersuaded by any of petitioner's arguments.  For the foregoing

reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections are OVERRULED.  The Report and Recommendation is ADOPTED and AFFIRMED, and the Motion to Vacate (#58) is DENIED.  This matter is TERMINATED.

                                                         s/Algenon L. Marbley
                                                   Algenon L. Marbley
                                                   United States District Judge